UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JIMMY GREATHOUSE, | ) | CASE NO. 3:06 CV 2014 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| CITY OF PLYMOUTH, OHIO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On August 22, 2006, plaintiff pro se Jimmy Greathouse filed the above-captioned action under 42 U.S.C. § 1983 against the City of Plymouth, Ohio and its mayor.[1] In the complaint, plaintiff alleges that he was denied the ability to drive his vehicle into or out of his driveway for 6 days during the Silver King Festival in Plymouth, Ohio. He seeks $ 4,000,000.00 for emotional distress, $ 6,000,000.00 "for pain," $ 3,000.00 "for a doctor visit," and $ 400.00 "for medicines necessary to treat these problems... ." (Compl. at 5.) He has also filed an Application to Proceed In Forma Pauperis. That Application is granted.

### *Background*

---

[1] Plymouth, Ohio is actually a village, not a city.

The annual Silver King Festival was held in the Village of Plymouth, Ohio from July 31, 2006 to August 6, 2006. During the festival, the main street through the village, Broadway, is blocked off to traffic to accommodate festival attractions, exhibits, and pedestrians. Mr. Greathouse alleges that he resides at 34 W. Broadway, which is within the blocked off zone. He objected to the closing of the street because it foreclosed his ability to pull his car into and out of his driveway. He contends that he has a back injury which limits his ability to carry groceries long distances and states that he needed to drive right up to his house.

Mr. Greathouse indicates that he wrote a letter to the mayor demanding vehicle access into his driveway. He claims he received a letter in response stating that the Village Administrator would make sure that he was not denied access to his property. He did receive a letter from the Village Administrator on June 8, 2006 and in return sent a letter to the Mayor on June 11, 2006. Mr. Greathouse does not disclose the content of those letters.

Mr. Greathouse received a letter from the Village Solicitor on June 23, 2006. The letter stated that the village would accommodate his disability by permitting him to park in the police station lot which is a short distance from his home and has vehicle access through Strine Alley. The Village also offered to have its employees assist Mr. Greathouse with getting to and from his home during the festival, and to perform whatever tasks were necessary including carrying groceries or other items for him. He was instructed to call the village offices during business hours to arrange for this assistance if he needed it. The solicitor, however, would not agree to allow Mr. Greathouse to drive down Broadway Street through the festival to get his vehicle to his driveway, and would not permit him to drive over adjacent private properties to get to his home. Mr. Greathouse contends that this accommodation was insufficient. He states that as a result, he did

not leave his house during the festival.

It is difficult to determine precisely which claims Mr. Greathouse seeks to assert. He states that the "defendant[s] did wilfully violate plaintiff's U.S. Constitutional rights under the U.S. 14th Constitutional Amendment under infringement upon my rights of access to and from my drive lane from 7-31-2006 to 8-6-2006." (Compl. at 6.) He further claims he was denied equal protection under the Fourteenth Amendment because he was not given the same access to his driveway as other citizens of the village who live on streets outside of the festival area. He indicates that the defendants "violat[ed] my constitutional rights under the U.S. Constitution 14th Amendment of liberty's [sic] plaintiff cannot have access, did not get access to my drive way from 7-31-2006 to 8-6-2006...." (Compl. at 6.) He contends his right to acquire, enjoy, own and dispose of property were denied. He states, "rights in property are basic civil rights to enjoy property without unlawful deprivation, no less than [the] right to speak and travel is in truth personal right." (Compl. at 8.) Finally, Mr. Greathouse claims, "taking of property of one person or corporation, without owner's consent for private use of another is not due process of law and is [a] violation of [the] 14th Article of Amendment of Constitution of United States." (Compl. at 9.)

*Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v.

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

### A. Right of Access to Driveway

Mr. Greathouse first asserts that his Fourteenth Amendment right to have unimpeded vehicle access his driveway has been violated. The court is not aware of any such right guaranteed by any Amendment of the United States Constitution and Mr. Greathouse has not cited to any legal authority to support such a proposition. Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Even under the most liberal construction permitted, this court cannot determine that Mr. Greathouse has stated an actual legal claim for obstruction of his driveway to

---

reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

vehicle access.

### B. Equal Protection

Mr. Greathouse also contends that he was denied equal protection under the Fourteenth Amendment because he was not given the same access to his driveway as other citizens of the village who live on other streets. The Equal Protection Clause prohibits discrimination by government which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. Radvansky v. City of Olmsted Falls, 395 F.3d 291, 312 (6th Cir. 2005). Mr. Greathouse has not alleged any facts to suggest that he is a member of a protected class of individuals. He does contend that the obstruction of his driveway denied him the right to travel by automobile for a period of seven days. While there exists a fundamental right to travel, there is no fundamental right to drive a motor vehicle. Duncan v. Cone, No. 00-5705, 2000 WL 1828089 at *2 (6th Cir. Dec. 7, 2000)(citing Miller v. Reed, 176 F.3d 1202, 1205-06 (9th Cir. 1999). A burden on a single mode of transportation does not infringe on the right to interstate travel. Absent a fundamental right or a suspect class, Mr. Greathouse must demonstrate that the defendant intentionally treated him differently than others who were similarly situated without any rational basis for making the distinction. He has not done so.

As an initial matter, Mr. Greathouse is not similarly situated to citizens of the village who reside on streets outside of the festival area. A legislative classification does not violate equal protection guarantees simply because some individuals receive a benefit while others are treated less favorably. Kochins v. Linden-Alimak, 799 F.2d 1128, 1138 (6th Cir. 1986). The Fourteenth Amendment is implicated only when the two groups are sufficiently similar to be of the same class

in light of the legislative purpose, and the distinction is made between the two groups is without any rational basis. Id. Mr. Greathouse is not similarly situated to individuals who reside outside of the festival area because the streets in those areas were not designated to hold festival attractions or festival pedestrian traffic. The citizens who reside in the festival area and those who reside in outlying areas are not sufficiently alike in light of the legislative concerns for safety. For equal protection purposes, Mr. Greathouse is similarly situated to other citizens who reside within the perimeters of the festival. He has not shown that he is being treated differently than the others in this classification.

        Moreover, even if he were considered to be similarly situated to all of the other residents of the Village, the legislation restricting vehicle access to the homes of those individuals who reside inside the festival perimeters will be presumed to be valid as long as the distinction between the two groups is rationally related to a legitimate state interest. City of Cleburne,Texas, 473 U.S. at 439. The burden is on the plaintiff to negate every conceivable basis which might support the Village's action. Rawls v. Sundquist, No. 96-5931, 1997 WL 211289, at *1 (6th Cir. Apr. 28, 1997). Temporarily suspending or detouring vehicle traffic in an area filled with festival attractions and pedestrians is rationally related to a legitimate state interest of protecting the safety of the festival participants and the citizens who reside in that area. The Village's actions therefore does not violate Mr. Greathouse's right to equal protection under the laws.

        Mr. Greathouse further contends that he is entitled under the Equal Protection Clause to preferential treatment over the other residents whose homes are in the festival area. He indicates that he is disabled and therefore the legislation temporarily closing the street in front of his house has a disparate impact upon him. This theory also fails to state a constitutional violation.

6

To state a claim under the Equal Protection Clause, Mr. Greathouse must allege that a state actor intentionally discriminated against him based on his membership in a particular class. Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir. 1990). Because discriminatory intent is a key element of an equal protection action, a claim under 42 U.S.C. § 1983 cannot be based merely on a theory of disparate impact on an individual. Washington v. Davis, 426 U.S. 229, 244-45 (1976); Copeland v. Machulis, 57 F.3d 476, 481 (6th Cir. 1995). Discriminatory purpose "implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker...selected...a particular course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group." Personnel Admin. of Mass. v. Feeney, 442 U.S. 256, 279 (1979); Coyne v. City of Sommerville, 972 F.2d 440, 445 (1st Cir. 1992). A discriminatory purpose will not be presumed. Tarrance v. State of Florida, 188 U.S. 519, 510 (1903). Mr. Greathouse states several times that the defendants were aware of his disability. Awareness, alone, however, does not state a claim for relief. Mr. Greathouse would have to allege that the Village sought to close the street in front of his house because it wanted to discriminate against disabled individuals. There is no allegation in the pleading which reasonably suggests that the defendants intended to discriminate against Mr. Greathouse.

**C. Due Process**

Mr. Greathouse also include several claims under the Fourteenth Amendment for deprivations of liberty and property. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." It does not prohibit every deprivation by the state of a person's life, liberty or property. Harris v. City of Akron, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process

are subject to suit under 42 U.S.C. § 1983. Id. It is not clear from the way in which Mr. Greathouse's claims are stated whether he intended to assert claims for procedural due process, substantive due process, or both. The court will therefore examine both types of claims.

1. Procedural Due Process

To prevail on a procedural due process claim, the plaintiff must plead and prove either (1) that he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation of property. Macene v. MJW, Inc., 951 F.2d 700, 706 (6th Cir 1991); see Vicory v. Walton, 721 F.2d 1062, 1064 (6th Cir. 1983). As the first step in any due process inquiry, Mr. Greathouse must show he was actually deprived of a liberty or property interest. "To have a property interest, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Mr. Greathouse claims that he was temporarily deprived of his ability to drive his vehicle into and out of his driveway. He was not deprived of use of his vehicle, nor was deprived of his use of his property. He was simply unable to access his property directly by car. These alleged harms are de minimis. No compensable liberty or property interest was infringed, because "operating a motor vehicle, under any circumstances, is not a fundamental personal right, but instead is a mere societally-bestowed privilege, granted by the grace of the state, which an adult citizen must earn, and which the government can restrict or invalidate, even administratively, in the rational furtherance of a legitimate public purpose." United States v. Kingsley, 241 F.3d 828, 838 (6th Cir.

2001).  Temporary alternative means of parking and travel, although perhaps not as convenient as driving into his driveway, were available to Mr. Greathouse.  See id. at 839.  There is no indication that the six day deprivation of vehicle access to his driveway rose to the magnitude of a constitutional violation .

Moreover, even if Mr. Greathouse had been deprived of a constitutionally protected property interest, his procedural due process claim would fail.  It does not appear that he is challenging an established state procedure, which itself violates the due process clause.  Instead, he asserts that the defendants deprived him of his property due to their unauthorized acts.  To state a claim for relief under this theory, Mr. Greathouse must also plead and prove that state remedies for redressing the wrong are inadequate.  Macene, 951 F.2d at 706; Vicory, 721 F.2d at 1064.  He does not identify the state procedures nor does he allege that they were inadequate.  He did correspond with the mayor, the village administrator and the village solicitor, prior to the festival. As a result of those correspondences, he was given special accommodations such as being able to park his car in the police lot close to his house, accessible through a side alley, and to have help getting to and from his residence and carrying groceries or personal items to his home.  Mr. Greathouse was not satisfied with the accommodations because they still did not permit him to drive into his driveway.  There are no allegations in the amended complaint reasonably suggesting that the state remedies to redress the deprivations were inadequate.

2. Substantive Due Process

To the extent that Mr. Greathouse intended to assert a substantive due process claim, it too is subject to dismissal.  There are two types of substantive due process claims.  The first type includes claims that involve official acts which are unreasonable, arbitrary and cause a deprivation

of a substantive right specified in the Constitution or a federal statute. Mertik v. Blalock, 983 F.2d 1353,1367 (6th Cir. 1993); Parate v. Isibor, 868 F.2d 821, 831 (6th Cir. 1989). For the reasons stated previously herein, Mr. Greathouse has not stated a claim for a deprivation of a substantive right specified in the Constitution. The other type of substantive due process claim is directed at official acts that "so shock the conscience" that they are unconstitutional regardless of the procedural protections provided. Parate, 868 F.2d at 832. A citizen does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a state agent. Id. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." Id. There are no facts presented in Mr. Greathouse's complaint to suggest the defendant's actions meet this extreme standard.

### *Vexatious Litigator*

The court takes judicial notice of its own records in observing that this is the ninth frivolous lawsuit filed by Jimmy Greathouse in this court.[3] Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States

---

[3] See Greathouse v. Dollar General Store, Case No. 1:05 CV 2238; Greathouse v. Dollar General, Case No. 1:05 CV 1769; Greathouse v. American Select Insurance Company, Case No. 1:05 CV 1551; Greathouse v. Huron County Metro Housing Authority "HUD", Case No. 1:04 CV 1391; Greathouse v. Ohio Bureau of Criminal Investigation, Case No.3:99 CV 7053; Greathouse v. Norwalk Municipal Court, Case No. 3:98 CV 7655; Greathouse v. Huron County Metro Housing Authority "HUD", Case No. 3:98 CV 7586; and Greathouse v.Willard Ohio Police Department, Case No. 3:98 CV 7522.

Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)).[4]

Mr. Greathouse has established a pattern of filing complaints in this court which are patently frivolous and vexatious, and which appear calculated to harass the defendants and abuse the judicial process. Accordingly, Jimmy Greathouse is permanently enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of court in accordance with the following:

> 1. He must file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and he must attach a copy of this Order to it (any such motion should be filed in a miscellaneous case).
>
> 2. As an exhibit to any motion seeking such leave, he must also attach a declaration which has been prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying that (1) the document raises a new issue which has never been previously raised by his in this or any other court, (2) the claim or issue is not frivolous, and (3) the document is not filed in bad faith.
>
> 3. By means of a second exhibit, he must identify and list: (a) the full caption of each and every suit which has been previously filed by his or on his behalf in any court against each and every defendant in any new suit he wishes to file, and (b) the full caption of each and every suit which he has currently pending.

---

[4] Other circuits have endorsed enjoining these types of filers. See, Day v. Allstate Ins. Co.,788 F.2d 1110 (5th Cir.1986); Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221 (9th Cir. 1984); In re Martin-Trigona, 763 F.2d 140 (2d Cir. 1985); In re Green, 669 F.2d 779 (D.C. Cir. 1981)(per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1983), cert. denied, 461 U.S. 960 (1983); Green v. White, 616 F.2d 1054 (8th Cir. 1980) (per curiam); Gordon v. Dep't of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972).

      4. As a third exhibit to the motion, he must provide a copy of each complaint identified and listed in accordance with the foregoing paragraph No. and a certified record of its disposition.

The court may deny any motion for leave to file if the proposed document is frivolous, vexatious or harassing. If the motion is denied, the document shall not be filed. Further, plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this court to deny any motion for leave to file, and may be considered an act of contempt for which he may be punished accordingly.

Further, to prevent future harassment by plaintiff and the waste of this court's limited resources, the Clerk's Office is hereby ordered as follows:

(1) Any document submitted by Mr. Greathouse prior to him obtaining leave to file shall not be filed unless it is <u>specifically identified</u> as a "Motion Pursuant to Court Order Seeking Leave to File," and unless it contains: 1) an affidavit or sworn declaration as required by this order; 2) a copy of this Memorandum of Opinion; and, 3) the exhibits required by this Memorandum of Opinion.

(2) The Clerk's Office shall not accept any filing fees, cover sheets, in forma pauperis applications, summonses, or U.S. Marshal Forms, in connection with any Motion Pursuant to Court Order Seeking Leave to File which Mr. Greathouse files, unless and until leave is granted.

### *Conclusion*

Accordingly, Mr. Greathouse's Application to Proceed <u>In Forma Pauperis</u> is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). Furthermore, Mr. Greathouse is enjoined from filing any new lawsuits or other documents without seeking and obtaining leave of

court as set forth in the Memorandum of Opinion and Order. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.